■ ELIZABETH JACKSON et al., Appellants, v CITY OF MOUNT VERNON, Respondent. [623 NYS2d 658] —Yesawich Jr., J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Gurahian, J.) in favor of defendant, entered September 22, 1993 in Westchester County, upon a dismissal of the complaint at the close of opening statements.

In this action, which was dismissed on defendant's motion after opening statements were made, plaintiffs seek to recover damages resulting from a sidewalk fall experienced by plaintiff Elizabeth Jackson. The allegedly defective sidewalk was owned by defendant. Plaintiffs acknowledge that they are unable to prove that defendant had received written notice of the defect—described as a "crack" or "readily apparent break in the sidewalk"—prior to the accident, and that the Mount Vernon City Charter requires such notice as a condition precedent to recovery. They contend, however, that the complaint should not have been dismissed before they had an opportunity to present their proof, which, they assert, would demonstrate that the case comes within an established exception to the otherwise strict construction to be given to these written notice provisions.

There are indeed certain circumstances which will excuse a lack of statutorily mandated prior written notice *(see, Giganti v Town of Hempstead,* 186 AD2d 627, 628). But here, however, the facts that plaintiffs claim they would be able to prove at trial are insufficient to trigger that narrow exception, which requires that the injured party show not only that the defect at issue was readily apparent *(see, Ferris v County of Suffolk,*

174 AD2d 70, 76), but also that the municipality had, shortly before the accident, either inspected the subject area for the purpose of discovering such defects or performed work thereon *(see, Giganti v Town of Hempstead, supra,* at 628; *Blake v City of Albany,* 63 AD2d 1075, 1076, *affd* 48 NY2d 875). Plaintiffs are evidently unable to meet this second requirement, for when afforded the opportunity to make an offer of proof to enhance his opening statement and establish a legally cognizable basis for plaintiffs' claim, their attorney offered to prove only that officials of defendant were involved in supervising the demolition of buildings adjacent to the section of sidewalk at issue, not that they specifically inspected the sidewalk itself or performed any repairs or alterations to it, such that the defect would necessarily have been brought to their attention *(compare, Giganti v Town of Hempstead, supra,* at 627). Accordingly, the complaint was properly dismissed *(see, Fuller v New York City Bd. of Educ.,* 206 AD2d 452, 453; *De Vito v Katsch,* 157 AD2d 413, 418).

Cardona, P. J., Mikoll, White and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.