■ KATHERINE M. KARKOWSKI et al., Appellants, v COUNTY OF MADISON, Respondent. [661 NYS2d 91] —Crew III, J. Appeals (1) from an order of the Supreme Court (Tait, Jr., J.), entered December 20, 1996 in Madison County, which granted defendant's motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

Plaintiff Katherine M. Karkowski (hereinafter Karkowski) and her husband commenced this action to recover for personal injuries Karkowski allegedly sustained when she fell on a sidewalk leading to defendant's county office building. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint contending, *inter alia*, that it had not received prior written notice of a defective sidewalk condition. Supreme Court granted defendant's motion for summary judgment and this appeal ensued.

Defendant having, in the first instance, demonstrated its entitlement to summary judgment by submitting proof of the lack of prior written notice of the allegedly defective condition of the sidewalk, it was incumbent upon plaintiffs to present evidence that the condition was readily apparent and, further, that shortly before the accident, defendant either had inspected the subject area for the purpose of discovering such defects or had performed work thereon (*see, Jackson v City of Mount Vernon*, 213 AD2d 892, 892-893, *lv denied* 85 NY2d 812). This plaintiffs failed to do. Moreover, plaintiffs failed to establish that the allegedly defective condition was a proximate cause of Karkowski's fall and resultant injuries. There is absolutely no record evidence that the condition depicted in the photographic exhibits caused Karkowski's fall. The condition portrayed in the exhibits is located some distance from where Karkowski described that she fell and, more importantly, Karkowski conceded in her deposition that she did not observe a defective condition before or after her accident. Although Karkowski claimed that she twisted her ankle and assumed that she stepped "in a crack or a hole or something", such proof clearly is insufficient to defeat defendant's motion for summary judgment (*see, Ciaschi v Taughannock Constr.*, 204 AD2d 883, 884).

Cardona, P. J., Mikoll, Casey and Yesawich Jr., JJ., concur. Ordered that the order and judgment are affirmed, with costs.