■ WILLIAM R. HENDRICKSON, Respondent, v CITY OF KINGSTON, Appellant. [738 NYS2d 433] —Crew III, J. Appeal from an order of the Supreme Court (Connor, J.), entered January 17, 2001 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action against defendant seeking to recover for injuries allegedly sustained on January 1, 1999 when, according to plaintiff, he slipped and fell on a patch of ice that had formed around a manhole cover on a public street located in the City of Kingston, Ulster County. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint based upon plaintiff's failure to plead and prove compliance with defendant's prior written notice statute, as set forth in Kingston City Charter, article XVII, § C17-1. In opposition, plaintiff contended that defendant affirmatively created the allegedly hazardous condition by negligently constructing or repairing the roadway surrounding the manhole cover or, alternatively, had actual notice of the defect. Supreme Court denied defendant's motion, finding a question of fact as to whether defendant affirmatively created the defective condition alleged, and this appeal by defendant ensued.

Kingston City Charter, article XVII, § C17-1 precludes a party from maintaining an action against defendant for injuries sustained as a result of a "defective, out of repair, unsafe, dangerous or obstructed" street unless, prior to the injury-producing occurrence, written notice of such dangerous or defective condition was filed with the City Clerk and there was a corresponding failure to repair or remedy the condition within a reasonable period of time thereafter. Thus, to sustain its initial burden on the motion for summary judgment, defendant was required to do nothing more than establish that plaintiff failed to comply with the prior written notice provision (*see, Lugo v County of Essex*, 260 AD2d 711, 713). As defendant succeeded on that point, the burden shifted to plaintiff to demonstrate the availability of an exception to the notice requirement (*see, id.* at 713). In this regard, only two exceptions to the statutory rule requiring prior written notice have been recognized—namely, where the municipality creates the defect or hazard through an affirmative act of negligence or where a special use confers a special benefit upon the municipality (*see, Amabile v City of Buffalo*, 93 NY2d 471, 474; *Miller v City of Albany*, 278 AD2d 647, 648).

Plaintiff first asserts that defendant affirmatively created the allegedly dangerous condition by constructing or repairing

the manhole cover and/or surrounding road surface in such a fashion as to permit water to collect and freeze around the edge of the manhole cover. Specifically, plaintiff theorizes that defendant, in allegedly repairing the surrounding roadway, failed to properly tamp the underlying topsoil, thereby permitting settling of the road surface. This settling, in turn, purportedly created an artificial depression in the roadway and allowed water to accumulate around the manhole cover. There are only two flaws in plaintiff's theory. First, the record fails to establish if, when or how defendant repaired the roadway surrounding the subject manhole cover. The photographs reproduced in the record on appeal are so poor in quality as to be of no evidentiary value and, more significantly, the examination before trial testimony of Steven Gorsline, the superintendent of defendant's Department of Public Works, fails to demonstrate that any repairs were undertaken at the precise location where plaintiff fell. Second, the only proof submitted in support of plaintiff's negligent construction and/or repair theory came in the form of his attorney's affirmation which, standing alone, is insufficient to defeat defendant's motion (*see, Strach v Doin,* 288 AD2d 640, 642). Noticeably absent from the record is any expert affidavit or testimony as to the alleged nature of the defect and defendant's culpability therefor (*see, Brzytwa-Wojdat v Town of Rockland, Sullivan County,* 256 AD2d 873, 874; *see also, Mosher v Town of Oppenheim,* 263 AD2d 605, 606; *Bova v County of Saratoga,* 258 AD2d 748, 750).

Plaintiff further asserts that Gorsline's testimony, that "[w]ater collects around a lot of manholes in the City," demonstrates that defendant had actual notice of the defect alleged. In our view, this conclusory statement, at best, establishes constructive notice of a dangerous or defective condition which, the Court of Appeals has made clear, is insufficient to override the statutory requirement of prior written notice (*see, Amabile v City of Buffalo, supra* at 475-476). Accordingly, Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint.

Cardona, P.J., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendant and complaint dismissed.