PRISCILLA BROOKS, Appellant, v VILLAGE OF HORSEHEADS et al., Respondents. [788 NYS2d 437]—

Mugglin, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered February 23, 2004 in Chemung County, which granted defendants' motion for summary judgment dismissing the complaint.

In 1994, through a cooperative effort involving volunteers, municipal employees and contractors, defendant Village of Horseheads, in Chemung County, constructed a concession stand/picnic pavillion in one of its municipal parks. This structure was built on a concrete slab. Adjacent to the concrete slab is a concrete sidewalk. Plaintiff alleges that she was injured

when she tripped on the edge of the concrete slab because of a height differential between the slab and the adjacent sidewalk. Supreme Court, finding both that the differential was too trivial to be actionable and that plaintiff was not exempt from complying with the prior written notice of a defect provision contained in the Village's municipal code, granted defendants' motion for summary judgment and dismissed the complaint. Plaintiff appeals.

It is undisputed that the Village code requires prior written notice of defective, out of repair, unsafe, dangerous or obstructed park property as a condition precedent to maintaining any civil action against the Village for damages or injuries caused by any such defective condition. Noncompliance with the ordinance is fatal to the maintenance of a cause of action unless an exception to the rule is applicable. One of two recognized exceptions is that the municipality "created the defect or hazard through an affirmative act of negligence" (*Amabile v City of Buffalo,* 93 NY2d 471, 474 [1999]). Plaintiff asserts that this exception is applicable herein. As defendant has demonstrated that it did not receive prior written notice, it is plaintiff's burden to prove that this exception is applicable (*see Hinkley v Village of Ballston Spa,* 306 AD2d 612, 613 [2003]). In our view, plaintiff has not met this burden. In order to demonstrate that the municipality created a dangerous condition by an affirmative act of negligence, plaintiff would have to show that the sidewalk was constructed at a level lower than the adjacent concrete pad. No such evidence is contained in this record. Moreover, since the sidewalk is exposed to the elements and the pad is covered by a roof, the eaves of which drip onto the sidewalk, it is just as plausible that the differential in height was caused by the elements during the seven years between the date of construction and the date of the accident. Absent proof that the Village created the defective condition and that plaintiff complied with the prior written notice provisions of the municipal code, Supreme Court properly dismissed the complaint. This determination makes it unnecessary for us to consider the alternative ground of dismissal that the defect was too trivial to be actionable.

Mercure, J.P., Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.