■ MICHAEL PAGILLO, Individually and as Administrator of the Estate of SUE PAGILLO, Deceased, Respondent, v CITY OF ONEONTA, Appellant. [807 NYS2d 489]—

Rose, J. Appeal from an order of the Supreme Court (Dowd, J.), entered November 10, 2004 in Otsego County, which denied defendant's motion for summary judgment dismissing the complaint.

Sue Pagillo* and plaintiff, her husband, brought this action to recover damages for injuries she allegedly sustained in June 2002 when she fell after stepping into a depression containing loose gravel and water on a public sidewalk in the City of Oneonta, Otsego County. Defendant moved for summary judgment on the ground that, among other things, it had not received prior written notice of the allegedly dangerous condition of the sidewalk as required by defendant's Charter. Finding that prior written notice was irrelevant because defendant had actual notice of the defective condition, Supreme Court denied defendant's motion. Defendant appeals.

As the proponent of the motion for summary judgment, defendant met its initial burden by presenting undisputed proof that it did not receive prior written notice. This shifted the burden to Pagillo and plaintiff to demonstrate the availability of a recognized exception to this notice requirement. We have acknowledged that there are now only two such recognized

---

* While this appeal was pending, Sue Pagillo died and her husband was substituted as administrator of her estate.

exceptions, neither of which is applicable here (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Dalton v City of Saratoga Springs*, 12 AD3d 899, 900 [2004]; *Hendrickson v City of Kingston*, 291 AD2d 709, 709 [2002], *appeal dismissed and lv denied* 98 NY2d 662 [2002]). Further, all of the Appellate Divisions have now held that a municipality's actual notice of the condition which allegedly caused a plaintiff's fall does not avoid the statutory written notice requirement (*see Oswald v City of Niagara Falls*, 13 AD3d 1155, 1157 [4th Dept 2004]; *Lysohir v County of Suffolk*, 10 AD3d 638, 639 [2d Dept 2004]; *Campisi v Bronx Water & Sewer Serv.*, 1 AD3d 166, 167 [1st Dept 2003]; *Bornt v Town of Pittstown*, 248 AD2d 854, 855 [3d Dept 1998], *lv denied* 92 NY2d 803 [1998]).

To the extent that the earlier cases cited by Supreme Court (*Jackson v City of Mount Vernon*, 213 AD2d 892 [1995], *lv denied* 85 NY2d 812 [1995]; *Karkowski v County of Madison*, 241 AD2d 882 [1997]) suggest to the contrary, they predate *Amabile* and are not to be followed.

This conclusion makes it unnecessary for us to consider defendant's remaining contention.

Mercure, J.P., Peters, Spain and Mugglin, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion for summary judgment on the ground of the absence of prior written notice; motion granted to that extent; and, as so modified, affirmed.