LOUIS P. FUHRMANN, Appellant, v CITY OF BINGHAMTON, Respondent, et al., Defendants. [818 NYS2d 670]—

Cardona, P.J. Appeal from an order of the Supreme Court (Tait, J.), entered August 30, 2005 in Broome County, which granted a motion by defendant City of Binghamton for summary judgment dismissing the complaint against it.

Plaintiff injured his shoulder after falling on a sidewalk in the City of Binghamton, Broome County. As a result, plaintiff commenced this action against the City and others, alleging, as is relevant here, that the City negligently failed to maintain the sidewalk in a safe condition. Following joinder of issue, the City moved for summary judgment dismissing the complaint on the ground that it did not receive prior written notice of the alleged defect in the sidewalk which precipitated plaintiff's fall (*see Lifer v City of Kingston*, 295 AD2d 695, 696 [2002]; Binghamton City Code, subpart XV, § 1; *see generally* General Municipal Law § 50-e [4]; *Amabile v City of Buffalo*, 93 NY2d 471, 473-474

[1999]). Supreme Court granted the motion and dismissed the complaint against the City, prompting this appeal.

Inasmuch as plaintiff does not contend that the City, as the moving party, failed to meet its initial burden of establishing the absence of prior written notice, the only issue presented for our consideration is whether plaintiff raised a question of fact concerning the applicability of an exception to the prior written notice requirement (*see Pagillo v City of Oneonta*, 25 AD3d 1044, 1044 [2006], *lv denied* 7 NY3d 704 [2006]). In that regard, plaintiff primarily contends that prior written notice was obviated by the City's creation of a "defect or hazard through an affirmative act of negligence" (*Hendrickson v City of Kingston*, 291 AD2d 709, 709 [2002], *appeal dismissed and lv denied* 98 NY2d 662 [2002]; *see Kiernan v Thompson*, 73 NY2d 840, 842 [1988]; *Brooks v Village of Horseheads*, 14 AD3d 756, 757 [2005]). In his complaint, plaintiff alleged that he fell after stepping into a snow-covered hole in the sidewalk. Furthermore, it is undisputed that the hole in question was located near a carved out section of the sidewalk that was originally created to accommodate the trunk of a tree. In opposition to the City's motion, plaintiff averred that, at some point, the tree itself had been removed by the City and the City thereby created a dangerous condition by leaving the opening exposed.

Notably, plaintiff did not come forward with affirmative proof that the City left a depression or any other defect in the area when it removed the tree (*compare Kiernan v Thompson, supra* at 842). Moreover, an adjoining landowner, defendant William P. Grace, testified in his deposition that, at the time the tree was removed, he saw workers put dirt in the resulting hole and thereafter personally put dirt in the area every year to keep it level with the sidewalk and offset erosion. Accordingly, we agree with Supreme Court that plaintiff failed to raise a question of fact concerning whether the City committed affirmative acts of negligence in removing the tree (*see Brooks v Village of Horseheads, supra* at 757). Inasmuch as it is undisputed that the City had never received prior written notice of the allegedly defective condition, summary judgment in its favor was, therefore, properly granted.

We have examined and find unpersuasive plaintiff's remaining contentions, including his claim that the City's special use of the sidewalk conferred a special benefit upon the City which obviated the statutory prior written notice requirement (*see generally Amabile v City of Buffalo, supra* at 474; *Poirier v City of Schenectady*, 85 NY2d 310, 314-315 [1995]).

Crew III, Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.