■ STEVEN M. COTCH, Appellant, v CITY OF ALBANY, Respondent. [829 NYS2d 762]—

Mercure, J. Appeal from an order of the Supreme Court (McNamara, J.), entered December 23, 2005 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff sustained a fractured ankle when he stepped into a hole in defendant's sidewalk that had previously contained a tree and a protective iron grate covering. Thereafter, plaintiff commenced this personal injury action alleging that defendant negligently created a dangerous and defective condition, thereby causing his injury. Following joinder of issue, defendant moved for summary judgment, asserting that it had not received prior written notice as required by Albany City Code § 24-1. Supreme Court granted the motion and dismissed the complaint. Plaintiff appeals and we now affirm.

Pursuant to defendant's prior written notice statute, no action may be brought against it for injuries caused by a defective or dangerous sidewalk unless it has been notified in writing of the defective or unsafe condition (*see* Local Law No. 1 [1953] of City of Albany § 24-1 [A]). Plaintiff concedes that defendant did not receive prior written notice, arguing instead that he pre-

sented sufficient evidence to create a question of fact regarding the applicability of an exception to the notice requirement. Specifically, plaintiff asserts that he was excused from compliance with the notice requirement because defendant created the hazardous condition or defect through an affirmative act of negligence (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Hendrickson v City of Kingston*, 291 AD2d 709, 709 [2002], *appeal dismissed* 98 NY2d 662 [2002]). We disagree.

In connection with its motion for summary judgment, defendant presented the testimony of its Deputy Chief Labor Supervisor for the Department of General Services and its City Forester indicating that although defendant was aware that a tree was missing, the decorative metal grate that covered the hole was observed to be intact upon inspection and defendant had no knowledge or record of the grate being removed. The City Forester further testified that adjoining property owners may hire a maintenance or landscaping service to replace or repair sidewalk grates. In response, plaintiff submitted only photographs of the hole and his attorney's affirmation contending that a jury could reasonably infer that defendant removed the grate because defendant is responsible for tree and grate maintenance, no permit was issued to an adjoining property owner for grate removal, and the grates are heavy and of little monetary value. Plaintiff has not submitted any proof, however, to substantiate his theory regarding removal of the grate. Inasmuch as "mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" to defeat a motion for summary judgment, we conclude that Supreme Court properly granted defendant's motion and dismissed the complaint (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *see Fuhrmann v City of Binghamton*, 31 AD3d 1036, 1037 [2006]; *Brooks v Village of Horseheads*, 14 AD3d 756, 757 [2005]; *Hendrickson v City of Kingston, supra* at 709-710; *cf. Hinkley v Village of Ballston Spa*, 306 AD2d 612, 613 [2003]).

Cardona, P.J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.