SHARON DE ROSSO et al., Appellants, v TOWN OF POUGHKEEPSIE, Respondent. [859 NYS2d 256]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Brands, J.), dated May 9, 2007, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

While walking her dog in the roadway of Wasson Drive, located in the defendant Town of Poughkeepsie, the plaintiff Sharon De Rosso tripped and fell, allegedly as a result of a 1¼-inch height differential between an asphalt patch and the surrounding roadway. After the plaintiffs commenced the present action and discovery was conducted, the defendant moved for summary judgment dismissing the complaint, inter alia, on the ground that the plaintiffs had not complied with the prior written notice requirements of Town Law § 67 and Town of Poughkeepsie Code § 142-1. The Supreme Court granted the motion, and we affirm.

The Town established its entitlement to judgment as a matter of law based upon the plaintiffs' failure to comply with the prior written notice requirements (*see Yarborough v City of New York,* 10 NY3d 726, 728 [2008]; *Giffords v Water Auth. of Great Neck N.,* 40 AD3d 695, 695-696 [2007]; *Lopez v G&J Rudolph Inc.,* 20 AD3d 511, 512 [2005]; *Gold v County of Westchester,* 15 AD3d 439, 440 [2005]; *Corey v Town of Huntington,* 9 AD3d 345, 346 [2004]). Although an exception to the prior notice requirement exists when the municipality creates the subject defect through an affirmative act of negligence (*see Amabile v City of Buffalo,* 93 NY2d 471, 474 [1999]; *Alvino v City of New York,* 49 AD3d 676 [2008]; *Wilkie v Town of Huntington,* 29 AD3d 898 [2006]), the plaintiffs failed to raise a triable issue of fact because they "presented no evidence of who last repaved this section of the roadway before the accident, when any such work may have been carried out, or the condition of the asphalt . . . immediately after any such resurfacing" (*Oboler v City of New*

*York,* 8 NY3d 888, 890 [2007]; *see Yarborough v City of New York,* 10 NY3d at 728). Mastro, J.P., Spolzino, Balkin and Leventhal, JJ., concur.