■ MARY CATALFAMO, Appellant, v CITY OF ALBANY, Respondent. [865 NYS2d 755]—

Carpinello, J. Appeal from an order of the Supreme Court (Hard, J.), entered October 16, 2007 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

In this action commenced by plaintiff to recover for injuries she sustained after falling on snow and ice on the sidewalk in front of her neighbor's home, defendant was granted summary judgment dismissing the complaint on the ground that it did not receive prior written notice of this allegedly defective condition. Plaintiff now appeals. We affirm.

According to plaintiff's testimony at a General Municipal Law § 50-h hearing, as well as her verified and amended bill of particulars, there was a three-to-four-inch buildup of snow on the sidewalk in front of her neighbor's house on a particular day in December 2000.[1] When she stepped on this snow in an effort to cross the street, it was icy and caused her to fall. Plaintiff does not dispute that defendant never received prior written notice of this allegedly dangerous condition as required under its code.[2] She claims, however, that a question of fact exists concerning whether defendant created the dangerous condition through its snow removal activities thus obviating the need for prior

1. Plaintiff later claimed that this build-up might have been as high as six inches.

2. Pursuant to defendant's code, no action shall be maintained for any injury "sustained solely in consequence of the existence of snow or ice upon any sidewalk . . . unless written notice thereof, relating to the particular place, was actually given to [defendant's] Commissioner of Public Works and there was a failure or neglect to cause such snow or ice to be removed or the place otherwise made reasonably safe within a reasonable time after the receipt of such notice" (Code of City of Albany § 24-1 [A]).

written notice (*see e.g. Fuhrmann v City of Binghamton*, 31 AD3d 1036, 1037 [2006]). Upon our review of the record, including evidence establishing that defendant's snow removal operations occurred approximately one week before her fall, we are unpersuaded that plaintiff raised a question of fact concerning the applicability of this exception to the prior written notice requirement (*see generally Connerton v City of Binghamton*, 236 AD2d 685, 686 [1997]). Thus, the complaint was properly dismissed.

Cardona, P.J., Mercure, Peters and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.