■ MARY BOICE et al., Appellants, v CITY OF KINGSTON, Respondent. [874 NYS2d 319]—

Peters, J. Appeal from an order of the Supreme Court (Egan Jr., J.), entered April 8, 2008 in Ulster County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Mary Boice (hereinafter plaintiff) tripped and fell

when she stepped in a rut on a public street in the City of Kingston, Ulster County. Thereafter, she and her husband, derivatively, commenced this action seeking recovery for personal injuries. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint on the ground that it did not receive prior written notice of the alleged defect in the roadway in accordance with Kingston City Charter § C17-1. In opposition, plaintiffs argued that no prior written notice was required inasmuch as defendant affirmatively created the hazardous condition and because it had actual or constructive knowledge of it. Supreme Court granted defendant's motion, prompting this appeal.

As there was no dispute that prior written notice was not provided, the burden was upon plaintiffs to raise a question of fact concerning the applicability of an exception to the notice requirement (*see Yarborough v City of New York*, 10 NY3d 726, 728 [2008]; *Fuhrmann v City of Binghamton*, 31 AD3d 1036, 1037 [2006]; *Brooks v Village of Horseheads*, 14 AD3d 756, 757 [2005]). In that regard, plaintiffs assert that defendant "created the defect or hazard through an affirmative act of negligence," thus obviating the need for prior written notice (*Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *see Cotch v City of Albany*, 37 AD3d 1012, 1013 [2007]).

Plaintiffs attempt to prove the affirmative creation of a defective condition by defendant in two ways. First, they assert that defendant negligently constructed and designed the street upon which plaintiff fell. Specifically, plaintiffs proffered the report and affidavit of their engineer, who opined that the absence of a drainage system and installation of an asphalt curb caused water to accumulate on the roadway, thereby degrading its surface. Notably, the record is devoid of any evidence that defendant constructed or designed the road. Moreover, although plaintiffs' engineer opined that the pooling of water caused by the lack of drainage and asphalt curb "hasten[ed] the rate of deterioration of the pavement" and caused it to crack "over time," the affirmative negligence exception is "limited to work by the [municipality] that *immediately* results in the existence of a dangerous condition" (*Oboler v City of New York*, 8 NY3d 888, 889 [2007] [internal quotation marks and citations omitted]; *accord Yarborough v City of New York*, 10 NY3d at 728). Thus, in the absence of any evidence that the purported improper drainage of the roadway resulted in an immediate defective or hazardous condition, as opposed to one that evolved over a period of time, plaintiffs have failed to raise an issue of fact in this regard.

Next, plaintiffs contend that rather than repaving the entire

road, defendant repeatedly patched it, thereby creating an uneven and dangerous surface. Yet, plaintiffs "presented no evidence of who last [patched] this section of the roadway before the accident, when any such work may have been carried out, or the condition of the [road's surface] . . . immediately after any such [patching]" (*Oboler v City of New York*, 8 NY3d at 890; *see Yarborough v City of New York*, 10 NY3d at 728; *De Rosso v Town of Poughkeepsie*, 51 AD3d 966, 966 [2008]). More importantly, there is not a scintilla of evidence that any such patchwork repairs caused plaintiff to trip and fall. In fact, plaintiffs' engineer specifically noted that the rut on which plaintiff stepped was not part of the patching process. Furthermore, to the extent that plaintiffs allege that defendant negligently failed to repave the entire roadway, such conduct amounts to nonfeasance, rather than affirmative negligence (*see Hook v Village of Ellenville*, 46 AD3d 1318, 1320 [2007]; *Agrusa v Town of Liberty*, 291 AD2d 620, 621 [2002]; *Merchant v Town of Halfmoon*, 194 AD2d 1031, 1032 [1993]). Accordingly, Supreme Court properly found that plaintiffs failed to raise an issue of fact as to whether defendant created the defective condition that caused plaintiff's fall.

Finally, despite plaintiffs' assertions to the contrary, it is now settled that neither constructive notice (*see Amabile v City of Buffalo*, 93 NY2d at 473-474) nor actual notice (*see Pagillo v City of Oneonta*, 25 AD3d 1044, 1045 [2006], *lv denied* 7 NY3d 704 [2006]) by a municipality of a defect is sufficient to override the statutory requirement of prior written notice.

Cardona, P.J., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.