Noah H. Friedland, Appellant, v County of Warren et al., Respondents. [876 NYS2d 757]—

Cardona, P.J. Appeal from an order of the Supreme Court (Krogmann, J.), entered April 3, 2008 in Warren County, which granted defendants' motions for summary judgment dismissing the complaint.

Plaintiff commenced this action against defendants seeking damages for injuries he sustained when his car slid off County Route 30 in the Town of Chester, Warren County, allegedly due to the "dangerous and hazardous conditions on [the road] including but not limited to the accumulation of and failure to remove snow and ice." Defendant County of Warren, which owns the road where the accident occurred, had contracted with defendant Town of Chester for snow and ice removal, salting and sanding. Following joinder of issue, defendants each moved for summary judgment dismissing the complaint. Supreme Court granted the motions, finding that neither defendant

received prior written notice of a dangerous snow and ice condition and that plaintiff's other theories of liability exceeded the scope of the notices of claim served upon them.

Plaintiff appeals, and we affirm. Pursuant to the notice statutes applicable to defendants, a cause of action based upon negligent snow and ice removal is precluded unless the municipality received prior written notice of the dangerous condition (*see* Town Law § 65-a [1]; Local Law No. 4 [1984] of County of Warren § 1). Here, defendants presented affidavits from their respective employees responsible for maintaining such information averring that no prior written notice had been received regarding the snow and ice conditions where the accident occurred. That evidence was sufficient to meet defendants' initial burden demonstrating entitlement to summary judgment (*see Gagnon v City of Saratoga Springs*, 51 AD3d 1096, 1097 [2008], *lv denied* 11 NY3d 706 [2008]; *Fuhrmann v City of Binghamton*, 31 AD3d 1036, 1037 [2006]). Thereafter, plaintiff failed to submit any evidence raising a triable issue of fact as to the receipt of notice or establishing any exception to the prior written notice requirement (*see Fuhrmann v City of Binghamton*, 31 AD3d at 1037; *Lugo v County of Essex*, 260 AD2d 711, 712-713 [1999]). Accordingly, summary judgment was properly granted with respect to the negligent removal of snow and ice.

Furthermore, Supreme Court correctly dismissed plaintiff's alternative theories of liability as exceeding the scope of the notices of claim (*see generally* General Municipal Law § 50-e; *see Gagnon v City of Saratoga Springs*, 51 AD3d at 1099).

Plaintiff's remaining contentions have been reviewed and found to be without merit.

Mercure, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.