■ JESSICA JOY DAVIS, Appellant, v CITY OF SCHENECTADY, Respondent, et al., Defendant. [883 NYS2d 810]—

Kavanagh, J. Appeal from an order of the Supreme Court (Caruso, J.), entered September 9, 2008 in Schenectady County, which granted a motion by defendant City of Schenectady for summary judgment dismissing the complaint against it.

Plaintiff was allegedly injured when she rode her bicycle into a hole located in a driveway apron in front of property owned by defendant Joseph Sangiovanni. Sangiovanni had previously, through an intermediary, contacted David Savignano—defendant City of Schenectady's Supervisor of Streets—to determine if the City would place a blacktop patch on a portion of the driveway apron. Savignano, upon inspecting the area, found that approximately 8 to 12 inches of the apron were cracked and in need of repair. He agreed to patch this area, but told Sangiovanni that prior to any repair being performed, Sangiovanni had to remove any loose debris from the cracked section of the apron. Savignano returned to the property several days later and discovered that Sangiovanni had not only cleared out the loose debris, but had, in fact, removed a large section of the driveway apron. As a result, Sangiovanni was informed that while the City was willing to patch the edge of the apron, it would not undertake such an extensive repair. Subsequently, plaintiff had her accident.

After her fall, plaintiff commenced separate actions against Sangiovanni and the City. The two actions were subsequently consolidated and the City moved for summary judgment dismissing the complaint against it on the ground that it did not have prior written notice of the defective condition as required by Schenectady City Charter § C7-1. In opposition, plaintiff and Sangiovanni both concede written notice was never served but contend that the City created the defective condition making prior written notice unnecessary (*see Yarborough v City of New*

*York,* 10 NY3d 726, 728 [2008]). Supreme Court granted the City's motion and plaintiff now appeals.

Plaintiff claims that the City, through its discussion with Sangiovanni about preparing the apron so that the repair could be made and Sangiovanni's subsequent removal of the large section of the driveway apron, "created the defect or hazard through an affirmative act of negligence" (*Amabile v City of Buffalo,* 93 NY2d 471, 474 [1999]; *see Fuhrmann v City of Binghamton,* 31 AD3d 1036, 1037 [2006]; *Hendrickson v City of Kingston,* 291 AD2d 709, 709 [2002], *appeal dismissed and lv denied* 98 NY2d 662 [2002]). We disagree. The record reveals that the City requested that Sangiovanni merely clear any loose debris away from the damaged area so that the new blacktop would better adhere to the driveway apron. Sangiovanni then took it upon himself to remove not only the loose debris, but the entire apron, leaving an open hole adjacent to the sidewalk. Sangiovanni's decision to remove the entire apron and create a hole where none previously existed was not done at the City's request and, as such, did not constitute an affirmative act of negligence that can be attributed to the City. Moreover, while the City had performed some work in this area a few years prior to this incident, there is nothing in the record to support a finding that this activity had "immediately result[ed] in the existence of a dangerous condition" that caused plaintiff's accident (*Oboler v City of New York,* 8 NY3d 888, 889 [2007] [internal quotation marks, citation and emphasis omitted]; *accord Boice v City of Kingston,* 60 AD3d 1140, 1141 [2009]).

Likewise, we reject the contention that the City's liability to plaintiff can be premised upon the principle that it had an agency relationship with Sangiovanni. There is no evidence in the record that Sangiovanni, when he decided to replace the entire apron, was acting on the City's behalf or under its control. As such, an agency relationship did not exist (*see* Restatement [Third] of Agency § 1.01).

Peters, J.P., Spain, Lahtinen and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.