■ David Babenzien, Respondent, v Town of Fenton, Appellant, and Delaware and Hudson Railway Company, Inc., et al., Respondents. [889 NYS2d 295]—

Garry, J. Appeal from an order of the Supreme Court (Lebous, J.), entered February 17, 2009 in Broome County, which denied a motion by defendant Town of Fenton for summary judgment dismissing the complaint and all cross claims against it.

In April 2005, plaintiff rode his motorcycle over a railroad crossing on Fuller Road in the Town of Fenton, Broome County. A few feet after crossing the tracks, he was caught in the throat by a wire hanging low across the roadway and thrown from his motorcycle into a ditch. The railroad tracks, the wire that plaintiff struck, and the telephone poles from which the wire was suspended along the tracks were owned and maintained by defendants Delaware and Hudson Railway Company, Inc., Canadian Pacific Railway Company, and Delaware and Hudson Railway Company, Inc. (hereinafter collectively referred to as the railroad). Fuller Road was owned and maintained by defendant Town of Fenton.

On the day before plaintiff's accident, several employees of the Town Highway Department, including the Highway Superintendent, his deputy, and the Town Engineer, were at a work site on Fuller Road near the crossing when a tractor trailer crossing the railroad tracks caught a wire or wires. A broken wire flew through the air toward the town workers. One of the employees allegedly coiled the broken wire and placed it off the side of the road, and the Highway Superintendent then examined the overhead wire or wires that remained, reportedly finding that everything looked "normal . . . it didn't look to be a height problem." Later that day, the Highway Superintendent left a voice mail for a railroad employee, designated as the contact for railroad crossing problems, advising him that they needed to talk about problems at this and another railroad crossing. The railroad employee did not return the call, and the Highway Superintendent made no additional effort to notify the railroad regarding what he had witnessed.

A town employee testified that he drove a backhoe over the railroad tracks without any difficulty before work had begun and he did so again after the wire broke. He described his backhoe as being approximately 10 feet tall. Another town employee testified that after the employees saw the wire break, at least one overhead wire was still in place, and that "[i]t didn't look like it was hanging low." At the request of the Broome County Sheriff's Department, this employee returned to the accident scene the next day, after plaintiff's accident, to clear broken wires off the road. He found two or three broken pieces

of wire, one attached to a pole on one side of the road and another attached to a pole on the other side of the road, which he coiled up and moved out of the right-of-way.

In February 2006, plaintiff commenced this action seeking damages for his personal injuries. Defendants answered and asserted cross claims for contribution and/or indemnification against each other. The Town moved for summary judgment on the ground that it did not have prior written notice of the dangerous condition as required by Local Law No. 1 (1994) of Town of Fenton, and, further, that it could not be held liable since it did not own, control, or maintain the railroad crossing, wires, or poles. Supreme Court denied the motion, finding that, despite the lack of prior written notice, the Town had actual notice of the dangerous condition based on the broken wire witnessed by town employees on the day before the accident. The court also found an issue of fact as to whether the Town retained sufficient control over the railroad crossing to create a duty to take reasonable steps to remedy the condition. The Town now appeals.

It is undisputed that the Town received no prior written notice of the dangerous condition that caused plaintiff's accident, as required by Local Law No. 1. The Town thus established a prima facie right to judgment, and the burden shifted to plaintiff to establish a factual issue as to the existence of an exception to the notice requirement (see *Yarborough v City of New York*, 10 NY3d 726, 728 [2008]; *Boice v City of Kingston*, 60 AD3d 1140, 1141 [2009]). The Court of Appeals has established that only two exceptions to prior written notice laws are recognized: "where the locality created the defect or hazard through an affirmative act of negligence and where a 'special use' confers a special benefit upon the locality" (*Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999] [citation omitted]). Plaintiff and the railroad contend that questions of fact exist as to the applicability of the first exception. In their view, the town employees who worked on Fuller Road on the day before the accident may have created the dangerous condition that caused plaintiff's accident by moving the wire that was broken by the truck off the right-of-way, thereby twisting and tangling it with the remaining overhead wire or wires and loosening or disconnecting them. No evidence, however, indicates that any such twisting, tangling, loosening, or disconnection took place. The town employees testified without contradiction that after the wire was broken by the truck and removed from the road, the remaining overhead wire or wires appeared to be normal, and that they were able to drive their equipment underneath without incident.

In the absence of admissible evidence contradicting this testimony, plaintiff's arguments in this respect are merely "unsubstantiated allegations or assertions" insufficient to establish issues of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *see Cotch v City of Albany*, 37 AD3d 1012, 1013 [2007]). No claim has been made that the second exception relative to the Town's "special use" applies.

Plaintiff's claim against the Town is barred by the absence of prior written notice.

Cardona, P.J., Mercure, Spain and Kavanagh, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion by defendant Town of Fenton granted, summary judgment awarded to said defendant and complaint and all cross claims against it dismissed.