CATHLEEN A. CRESPO, Appellant, v CITY OF KINGSTON, Respondent. [917 NYS2d 336]—

Stein, J. Appeal from an order of the Supreme Court (O'Connor, J.), entered January 8, 2010 in Ulster County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff was injured when she fell as she stepped from the sidewalk onto a storm drain that was lower than the surface of the roadway in the City of Kingston, Ulster County. She commenced this action alleging that defendant was negligent in the maintenance, repair and construction of the road and catch basin. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court granted defendant's motion on the basis that plaintiff failed to comply with the prior written notice requirement set forth in the Kingston City Code. Plaintiff now appeals.

We affirm. The law is "settled that where, as here, a municipality has enacted a prior written notice statute . . . it cannot be held liable [for dangerous conditions on its thoroughfares] unless such written notice of the allegedly defective or dangerous condition was actually given" (Gagnon v City of Saratoga Springs, 51 AD3d 1096, 1097 [2008], lv denied 11 NY3d 706 [2008]). Here, it is uncontroverted that defendant received no prior written notice of the allegedly defective condition of the catch basin as required by Kingston City Code § C17-1. Thus, the burden shifted to plaintiff to demonstrate a question of fact as to the applicability of one of the two recognized exceptions to the prior written notice requirement (see Babenzien v Town of Fenton, 67 AD3d 1236, 1238 [2009]).

Plaintiff relies on the exception that applies when " 'the locality created the defect or hazard through an affirmative act of negligence' " (*id.* at 1238, quoting *Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *see Oboler v City of New York*, 8 NY3d 888, 889 [2007]), which immediately resulted in the existence of a hazardous condition (*see San Marco v Village/Town of Mount Kisco*, 16 NY3d 111, 116 [2010]; *Yarborough v City of New York*, 10 NY3d 726, 728 [2008]; *Oboler v City of New York*, 8 NY3d at 889). In opposition to defendant's motion, plaintiff submitted, among other things, a report and an affidavit of Alden Gaudreau, an engineer and consultant. In his report dated October 8, 2007—less than two months after plaintiff's fall—Gaudreau stated that plaintiff fell more than nine inches from the curb onto the uneven grating of the storm drain and opined that the drain and grating were in a hazardous condition. He noted that there was fresh paving material around the grating and it appeared that recent work had been done at that location. Gaudreau further noted damage to the pavement and heaving of the curbing adjacent to the drain which he believed "had occurred over a prolonged period" and opined that "[t]he hazardous condition took a long period of time to develop." In his subsequent affidavit, sworn to approximately 1½ years later, on May 21, 2009, Gaudreau opined that "the subject grate was unreasonably unsafe . . . due to the excessive height differential . . . from the top of the curb to the grate." However, for the first time, he also opined that "[t]he condition became dangerous when [defendant] re-paved the roadway surrounding the grate without raising the height of the grate, or removing the subject grate and filling in the depression" and, thus, the unsafe height differential between the curb and the drain existed before the heaving of the curbing occurred and did not appear to have changed since the last street paving.

"Although it can be harsh for plaintiffs in many cases, . . . [p]rior written notice statutes [are] designed . . . to release municipalities from the 'vexing problem of municipal street and sidewalk liability' . . . when they have no reasonable opportunity to remedy the problem" (*San Marco v Village/Town of Mount Kisco*, 16 NY3d at 116, 2010 NY Slip Op 09197, *3, quoting *Barry v Niagara Frontier Tr. Sys.*, 35 NY2d 629, 633 [1974]). Such statutes represent " 'an effort to exempt the [municipality] from liability for [roadway defects] of a kind which do not immediately come to the attention of the [municipality's] officers unless they are given actual notice thereof' " (*San Marco v Village/Town of Mount Kisco*, 16 NY3d at 117, 2010 NY Slip Op 09197, *3, quoting *Doremus v Incorporated Vil. of Lynbrook*, 18 NY2d 362, 366 [1966]). The prior written notice

requirement recognizes that, "[w]here the danger is not the immediate result of the municipality's negligent act, it cannot be said with certainty . . . that the municipality actually knew of the danger" (*San Marco v Village/Town of Mount Kisco*, 16 NY3d at 120 [Smith, J., dissenting]).

Here, even fully crediting Gaudreau's report and affidavit, and assuming, without finding, that they provided more than mere speculation that the hazardous condition occurred immediately after the paving of the road, plaintiff offered insufficient evidence to create a question of fact as to whether defendant repaved the road or replaced the storm drain in the location where she fell. On the other hand, defendant's Superintendent of Public Works testified that he could not recall any repaving work having been done in the area where plaintiff fell since he started in his position in 1996, and Gaudreau noted that the owner of a nearby business stated that the road had not been repaved in at least nine years. Under these circumstances, Supreme Court correctly found that plaintiff failed to demonstrate that any affirmative act on defendant's part, as opposed to the act of a subcontractor or other third party, caused the alleged dangerous condition which resulted in her injuries (*see id.*; *Oboler v City of New York*, 8 NY3d at 889-890; *Boice v City of Kingston*, 60 AD3d 1140, 1141 [2009]).

Cardona, P.J., Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.