■ ALICE R. STRIDE et al., Appellants, v CITY OF SCHENECTADY, Respondent, et al., Defendants. [925 NYS2d 260]—

Spain, J. Appeal from an order of the Supreme Court (Kramer, J.), entered January 12, 2010 in Schenectady County, which granted a motion by defendant City of Schenectady for summary judgment dismissing the complaint against it.

Plaintiff Alice R. Stride (hereinafter plaintiff) and her husband, derivatively, commenced this action against defendant City of Schenectady, among others, seeking damages related to injuries plaintiff sustained when, in April 2004, she tripped and

fell over a parking meter post that had been severed near the surface of the ground leaving a metal stump along Erie Boulevard in the City of Schenectady, Schenectady County. The City successfully moved for summary judgment and the complaint was dismissed against it on the ground that the City did not have prior written notice of the hazard or defect as required by the Schenectady City Charter, and that no exceptions to the notice requirement applied (*see* Schenectady City Charter, art VII, § C7-1). Plaintiffs appeal, and we affirm.

No dispute exists that the Schenectady City Charter requires written notice as a prerequisite to liability associated with a defective or dangerous condition on its property (*see* Schenectady City Charter § C7-1; *Poirier v City of Schenectady*, 85 NY2d 310, 313 n 1 [1995]). A municipality that has enacted a prior written notice statute "cannot be held liable [for dangerous conditions on its thoroughfares] unless such written notice of the allegedly defective or dangerous condition was actually given" (*Crespo v City of Kingston*, 80 AD3d 1124, 1124 [2011], quoting *Gagnon v City of Saratoga Springs*, 51 AD3d 1096, 1097 [2008], *lv denied* 11 NY3d 706 [2008]). Constructive or other actual notice is insufficient where the municipality did not receive prior written notice (*see Amabile v City of Buffalo*, 93 NY2d 471, 475-476 [1999]).

In support of its motion for summary judgment, the City submitted an affidavit from the supervisor of the Bureau of Service, whose responsibilities include maintaining records and log books with respect to written notices received regarding defects, and who stated that the City had not received written notice of the broken meter post (*see Gorman v Town of Huntington*, 12 NY3d 275, 279-280 [2009]). The burden thus shifted to plaintiffs to establish an issue of fact as to prior written notice (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Babenzien v Town of Fenton*, 67 AD3d 1236, 1238 [2009]), or to show that one of two exceptions exist: namely, that "the locality created the defect or hazard through an affirmative act of negligence [or] a 'special use' confers a special benefit upon the locality" (*Babenzien v Town of Fenton*, 67 AD3d at 1238, quoting *Amabile v City of Buffalo*, 93 NY2d at 474; *see Oboler v City of New York*, 8 NY3d 888, 889 [2007]).

Plaintiffs failed to meet their burden. They argue that an exception to the written notice requirement exists because the City created the hazardous condition,* but rely solely on general assertions in the complaint and the bill of particulars that

---

* Plaintiffs have not argued that the "special use" exception applies.

the City created the broken meter, or allowed it to exist. Plaintiffs did not allege any affirmative act of negligence that "immediately resulted in the existence of a hazardous condition," as required to fit the exception (*Crespo v City of Kingston*, 80 AD3d at 1125; *see Davis v City of Schenectady*, 65 AD3d 743, 745 [2009]). Indeed, in her deposition, plaintiff contradicted the assertion that the City created the hazard by some affirmative act, testifying that during the winter of 2002 or 2003, while at work, she heard a crash, and when she looked out the window, she saw that a car hit the parking meter in question and knocked it over. Accordingly, the City's motion for summary judgment was properly granted (*see Crespo v City of Kingston*, 80 AD3d at 1126; *Fuhrmann v City of Binghamton*, 31 AD3d 1036, 1037 [2006]).

Peters, J.P., Rose, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.