■ Vincent David Urban, Appellant, v City of Albany, Respondent. [933 NYS2d 457]—

Garry, J.

In December 2007, plaintiff slipped and fell on an icy sidewalk near the intersection of Elk Street and Eagle Street in the City of Albany. He commenced this personal injury action alleging that defendant negligently created a dangerous condition by piling snow along the sidewalk which then melted and refroze, causing black ice to form. Defendant moved for summary judgment on the ground that it did not receive prior written notice of the sidewalk's condition as required by Code of City of Albany § 24-1. Supreme Court granted the motion, and plaintiff appeals.

Plaintiff concedes that no prior written notice of the sidewalk's allegedly icy condition was provided, thus establishing defendant's prima facie entitlement to judgment as a matter of law and shifting the burden to plaintiff to show the applicability of an exception to that requirement (*see Crespo v City of Kingston*, 80 AD3d 1124, 1124 [2011]; *Boice v City of Kingston*, 60 AD3d 1140, 1141 [2009]). He contends that his accident falls within the exception to the notice requirement for municipal activities that "create[ ] the defect or hazard through an affirmative act of negligence" (*Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *see Cotch v City of Albany*, 37 AD3d 1012, 1013 [2007]). Supreme Court found that this exception did not apply as it was limited to conduct "that immediately results in the existence of a dangerous condition" (*Oboler v City of New York*, 8 NY3d 888, 889 [2007] [internal quotation marks, citation and emphasis omitted]; *accord Yarborough v City of New York*, 10 NY3d 726, 728 [2008]). As the court noted, the ice on which plaintiff fell was not immediately created when the snow was piled up, but thereafter by the effect of time and temperature on the piles. However, shortly after this decision was rendered, the Court of Appeals reversed the Second Department case upon which Supreme Court had, in part, relied and held that "the immediacy requirement for 'pothole cases' should not be extended to cases involving hazards related to negligent snow removal" (*San Marco v Village/Town of Mount Kisco*, 16 NY3d 111, 116 [2010]). In *San Marco*, the Court of Appeals found triable issues of fact as to whether a municipality created a hazardous condition by piling snow near parking spaces in a municipally owned parking lot, thereby generating a risk that black ice would develop when temperatures changed, and then failing to salt or sand the lot on an ensuing weekend. The Court noted that the municipality's practice "present[ed] the foresee-

able, indeed known, risk of melting and refreezing," and held that "a municipality should require no additional notice of the possible danger arising from [this] method of snow clearance apart from widely available local temperature data" (*id.* at 117). Plaintiff contends that the circumstances of his injury give rise to almost identical factual issues, and we agree.

Defendant's employee testified that its practice at the time of plaintiff's accident was to clear sidewalks by pushing snow aside with snowblowers and sweeping equipment, thus forming snowbanks adjacent to the walking area, and then applying ice-melting agents. The employee acknowledged that this method of snow removal posed a risk of icy conditions created by melting and refreezing. He testified that defendant used weather data, among other things, in determining the need for snow and ice removal, and that it was his usual practice to check the sidewalks in the accident area daily. However, he had no specific memory of the day of the accident and no records indicating when the site had last been inspected or maintained before plaintiff's fall. Plaintiff testified that he saw no indication that ice-melting agents had been applied to the surface on which he fell, and that emergency personnel had difficulty reaching him because of the slippery conditions. Plaintiff's expert engineer testified by affidavit that snow from a storm prior to the accident had been piled on both sides of the sidewalk, that temperatures in the days before the accident had risen above freezing, allowing snow from the piles to melt and potentially refreeze, and that the slope of the street would cause meltwater to flow to the point where plaintiff slipped.* The expert opined that plaintiff's accident was caused by a hazardous icy condition created by defendant's snow removal practices. This opinion was based upon, among other things, plaintiff's deposition testimony, the testimony of defendant's employee, and a photograph of the site taken within a day after the accident; contrary to defendant's claim, it was not too speculative to be given probative force (*compare Groninger v Village of Mamaroneck*, 17 NY3d 125, 129-130 [2011]). Thus, plaintiff presents triable issues of fact as to whether defendant's snow removal methods created the ice on which plaintiff fell and whether defendant "exercised its duty of care to maintain the [sidewalk] in a reasonably safe condition" (*San Marco v Village/Town of Mount Kisco*, 16 NY3d at 118).

Spain, J.P., Rose, Kavanagh and Stein, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.

---

* Defendant's employee also acknowledged that meltwater would flow in this direction.