■ Joseph Jannicelli, Respondent, v City of Schenectady, Appellant. [933 NYS2d 917]—

Rose, J.

Plaintiff commenced this negligence action to recover for injuries he suffered when he fell after stepping in a hole in the ground covered with grass clippings on a median on the street where he resides. Plaintiff alleged, among other things, that defendant negligently and carelessly caused the hole to be obscured by leaving it covered with grass clippings after mowing the median. When defendant moved for summary judgment alleging that it did not receive prior written notice of this hazardous condition as required by its charter (*see* Schenectady City Charter § C7-1), plaintiff conceded that no written notice had been provided but argued instead that an exception to that requirement applied, namely, that defendant affirmatively created the hazardous condition by obscuring the hole. Supreme Court denied the motion, finding questions of fact as to the applicability of the exception, and this appeal by defendant ensued.

Defendant established the lack of any prior written notice, shifting the burden to plaintiff to oppose the motion with evidence that the claimed exception to the written notice requirement applies (*see Brooks v Village of Horseheads*, 14 AD3d 756, 757 [2005]; *Hendrickson v City of Kingston*, 291 AD2d 709, 709 [2002], *appeal dismissed and lv denied* 98 NY2d 662 [2002]). To that end, plaintiff points to defendant's admission that it owns the median. He also avers that, in early June 2006, he had observed the grass growing on the median to be three feet high, prompting him to complain to defendant on two or three occasions, including a call to the Mayor's office, about the need to have it mowed. Further, plaintiff points to evidence that defendant mows the grass on city-owned medians once a month in June, July, August and September. When plaintiff fell on June 22, 2006, he observed that the grass had been recently mowed and that a large quantity of grass clippings were left lying on the ground covering the entire median and obscuring the hole that had caused him to fall. While defendant submitted evidence that residents sometimes maintain medians themselves, there was no evidence that the median in question was ever mowed by a resident, and plaintiff submitted evidence that neither he, his wife nor a neighbor had ever seen any neighbors mow the median at any time. Viewing the evidence in a light most favorable to plaintiff, as the nonmoving party (*see Jones v G & I Homes, Inc.*, 86 AD3d 786, 787-788 [2011]; *Swartout v Consolidated Rail Corp.*, 294 AD2d 785, 786 [2002]), a jury could, in our view, reasonably infer that defendant cut the grass and left it obscuring the hole. Accordingly, we must agree with Supreme Court that plaintiff came forward with sufficient evidence to raise a question of fact as to whether defendant created the defective condition.

Spain, J.P., Kavanagh, Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.