Lahtinen, J.
We affirm. “It is well settled that where, as here, a municipality has enacted a prior written notice statute pertaining to its thoroughfares or sidewalks, it cannot be held liable unless such written notice of the allegedly defective or dangerous condition was actually given” (Gagnon v City of Saratoga Springs, 51 AD3d 1096, 1097 [2008], lv denied 11 NY3d 706 [2008] [footnote and citations omitted]; see Stride v City of Schenectady, 85 AD3d 1409, 1410 [2011]; Westbrook v Village of Endicott, 67 AD3d 1319, 1319 [2009]). Defendant clearly satisfied its evidentiary burden on this issue by submitting the affidavits of its Town Clerk and Superintendent of Highways, who both averred that, after a review of the pertinent records, written notice of the alleged defective or dangerous condition on the roadway in question had not been received (see Stride v City of Schenectady, 85 AD 3d at 1410; Dalton v City of Saratoga Springs, 12 AD3d 899, 900 [2004]). We reject plaintiffs contention that the failure of the Highway Department to issue written reports based upon its own routine inspection of defendant’s roadways renders the prior written notice statute null and void. The statute in ques *1401 tion does not state that written reports of the Department, even if they existed, would satisfy the prior written notice requirement (compare Administrative Code of City of NY § 7-201 [c]; see Dalton v City of Saratoga Springs, 12 AD3d at 901 n 2 [2004]). Accordingly, the fact that the reports are not prepared does not demonstrate a failure by defendant to properly maintain prior written notices of a defect or dangerous condition that would satisfy the statutory requirement.
Likewise, plaintiff also failed to raise a triable issue of fact that one of two exceptions to the prior written notice requirement applies (see Yarborough v City of New York, 10 NY3d 726, 728 [2008]; Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]; Babenzien v Town of Fenton, 67 AD3d 1236, 1238 [2009]). Plaintiff contends that defendant affirmatively made the potholes more dangerous by cleaning them out in anticipation of filling them in later, and leaving them in that condition prior to his accident. This contention is unsubstantiated as there is nothing in defendant’s records indicating that any work was done on the road in the year prior to plaintiff’s accident. Plaintiffs additional assertion that the presence of a singular “detour” sign in the area of his accident demonstrated that defendant was working to repair the potholes is similarly unsupported by the record and fails to raise a question of fact (see Babenzien v Town of Fenton, 67 AD3d at 1239). Finally, contrary to plaintiffs contention, “[constructive or other actual notice is insufficient where the municipality did not receive prior written notice” (Stride v City of Schenectady, 85 AD3d at 1410; see Boice v City of Kingston, 60 AD3d 1140, 1142 [2009]; Pagillo v City of Oneonta, 25 AD3d 1044, 1045 [2006], lv denied 7 NY3d 704 [2006]).
Mercure, J.P., Malone Jr., Stein and Garry JJ., concur. Ordered that the order is affirmed, without costs.