# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1383**
**CA 12-00670**
PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

ROMANA MATTIOLI, PLAINTIFF-RESPONDENT,

V                                                     MEMORANDUM AND ORDER

TOWN OF GREECE, DEFENDANT-APPELLANT.

---

GALLO & IACOVANGELO, LLP, ROCHESTER (ANTHONY M. SORTINO OF COUNSEL), FOR DEFENDANT-APPELLANT.

LAW OFFICE OF FRANK G. MONTEMALO, PLLC, ROCHESTER (FRANK G. MONTEMALO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment and order (one paper) of the Supreme Court, Monroe County (John J. Ark, J.), entered December 28, 2011. The judgment and order, inter alia, denied that part of the motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the judgment and order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for losses she sustained when her real and personal property was damaged in a flood that allegedly occurred when a retention pond overflowed after a rainstorm in 2008. Defendant appeals from a judgment and order that, inter alia, denied that part of its motion for summary judgment dismissing the complaint. Contrary to defendant's contention, Supreme Court properly denied that part of the motion. Although defendant met its initial burden on the motion by submitting evidence establishing that it had not received prior written notice of the alleged defect as required by defendant's Town Code (*see generally Davison v City of Buffalo*, 96 AD3d 1516, 1518), plaintiff raised a triable issue of fact whether defendant had received such notice (*see generally Cruzado v City of New York*, 80 AD3d 537, 538). In addition, plaintiff raised "a triable issue of fact concerning the applicability of [an] exception to the prior written notice requirement, i.e., whether [defendant] created the allegedly dangerous condition 'through an affirmative act of negligence' " (*Smith v City of Syracuse*, 298 AD2d 842, 842-843; *see Jannicelli v City of Schenectady*, 90 AD3d 1206, 1207).

Entered:  December 28, 2012                           Frances E. Cafarell
                                                       Clerk of the Court