# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

13
CA 13-01237
PRESENT: SCUDDER, P.J., SMITH, CENTRA, CARNI, AND WHALEN, JJ.

---

HAVAH HUME, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TOWN OF JERUSALEM, DEFENDANT-APPELLANT.

---

PETRONE & PETRONE, P.C., WILLIAMSVILLE, CONGDON, FLAHERTY,
O'CALLAGHAN, REID, DONLON, TRAVIS & FISHLINGER, UNIONDALE (CHRISTINE
GASSER OF COUNSEL), FOR DEFENDANT-APPELLANT.

HALL AND KARZ, CANANDAIGUA (PETER ROLPH OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Yates County (Dennis
F. Bender, A.J.), entered September 4, 2012 in a personal injury
action.  The order denied defendant's motion for summary judgment
dismissing the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is granted,
and the complaint is dismissed.

Memorandum:  Plaintiff commenced this action seeking damages for
injuries she allegedly sustained when her right leg fell into a hole
on the shoulder of the gravel road located approximately 75 to 100
feet south of the driveway to her residence.  At the time of the
accident, plaintiff was watching defendant's highway crew clean out
the ditches around the area of a culvert that was going to be replaced
the following week.  According to plaintiff, the gravel along the edge
of the road where she was walking suddenly gave way and caused her to
slide down the road into a hole.  Supreme Court erred in denying
defendant's motion for summary judgment dismissing the complaint.
Defendant met its burden by establishing that it did not receive prior
written notice of the dangerous condition as required by its local law
(*see Weinfeld v J. Robert Roth Assoc.* [appeal No. 2], 177 AD2d 977,
978).  The burden thus shifted to plaintiff "to demonstrate the
applicability of one of two recognized exceptions to the rule—that the
municipality affirmatively created the defect through an act of
negligence or that a special use resulted in a special benefit to the
locality" (*Yarborough v City of New York*, 10 NY3d 726, 728, citing
*Amabile v City of Buffalo*, 93 NY2d 471, 474).  As limited by her brief
on appeal, plaintiff contends only that defendant had actual notice of
the allegedly dangerous condition, thus abandoning her contention
before the court that defendant created the condition (*see Gilbert v*

*Evangelical Lutheran Church in Am.*, 43 AD3d 1287, 1288, *lv denied* 9 NY3d 815; *see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 984).  However, contrary to the contention of plaintiff and the court's determination, actual notice of a defect is not an exception to the prior written notice requirement (*see Minew v City of New York*, 106 AD3d 1060, 1061-1062; *Palo v Town of Fallsburg*, 101 AD3d 1400, 1401, *lv denied* 20 NY3d 862; *Rile v City of Syracuse*, 56 AD3d 1270, 1271; *Oswald v City of Niagara Falls*, 13 AD3d 1155, 1157).

Entered:  February 7, 2014                    Frances E. Cafarell
                                              Clerk of the Court