*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   June 16, 2016                    522205
_____

JOHN SHUFELDT,
                      Appellant,
        v                                     MEMORANDUM AND ORDER

CITY OF KINGSTON,
                      Respondent.
_____

Calendar Date:   April 28, 2016

Before:   McCarthy, J.P., Garry, Egan Jr., Devine and Aarons, JJ.

_____

        William D. Pretsch, Kingston, for appellant.

        Cook, Netter, Cloonan, Kurtz & Murphy, PC, Kingston
(Michael T. Cook of counsel), for respondent.

_____

Garry, J.

        Appeal from an order of the Supreme Court (Mott, J.),
entered January 13, 2015 in Ulster County, which granted
defendant's motion for summary judgment dismissing the complaint.

        In October 2011, plaintiff fell from his bicycle and was
knocked unconscious while riding down a hill on Fair Street in
the City of Kingston, Ulster County.   Upon returning to the scene
the next day, plaintiff observed what he believed to be a blood
stain on the roadway and a recessed water valve in the pavement
uphill from that location.   Plaintiff thereafter commenced this
action alleging that defendant was negligent by not properly
covering the recessed water valve, thus creating a hazardous
depression in the roadway that caused him to be propelled off his
bicycle.   Following discovery, defendant moved for summary
judgment dismissing the complaint, and Supreme Court granted the

motion.   Plaintiff appeals.

It is undisputed that defendant had enacted a prior written notice provision, and that no written notice had been received by defendant regarding the alleged defect.  Plaintiff relies upon the exception from the notice requirement for defects that are immediately created by a municipality's affirmative acts of negligence (see Oboler v City of New York, 8 NY3d 888, 889-890 [2007]; Guimond v Village of Keeseville, 113 AD3d 895, 896 [2014]; Boice v City of Kingston, 60 AD3d 1140, 1141 [2009]).  In this regard, he argues that defendant affirmatively created the dangerous condition when it assumed supervisory authority over the repaving of the subject roadway, which had occurred a few months before his accident.

In support of its motion, defendant submitted the deposition testimony and affidavit of its Superintendent of Public Works; he stated that he had inspected the subject roadway "before, during, and after" the paving project, that the paving conformed to state and city standards for roadway paving, and that the area of the roadway where the recessed water valve was located was "in better condition" following the paving project.[1] As to the water valve, the Superintendent asserted that it was required to be recessed into the roadway, to prevent it from being dislodged by snow plows.

In opposition to the motion, plaintiff submitted photographs and an affidavit describing his own measurements of the recessed water valve, with a depth of two to three inches "depending upon where you measured."  Plaintiff also submitted the affidavit of an expert in roadway engineering and design. With no reference to any standards or authority, this expert opined, in conclusory fashion, that "with new paving the nut of the water valve should be basically flush with pavement."  He then concluded that the water valve was defective, based upon his

---

[1]  In a reply affidavit, the Superintendent clarified this assertion by explaining that the depth of the recessed water valve had remained the same or was slightly decreased as a result of the paving project.

review of photographs and plaintiff's testimony that "the hole surrounding the nut of the water valve was two (2) to three (3) inches below the pavement" (emphasis added).  Among other things, this evidence lacks "any semblance of a foundation to support his opinion or the existence of common knowledge and practice within the [roadway construction] industry" and, thus, lacks probative value (Phillips v McClellan St. Assoc., 262 AD2d 748, 749-750 [1999]; see Smith v Allen, 124 AD3d 1128, 1131 [2015]; Maurer v John A. Coleman Catholic High School, 91 AD3d 1168, 1169 [2012]). In addition, plaintiff failed to provide any evidence that the paving project had, in fact, increased the depth of the recessed water valve or otherwise exacerbated any hazard (see Kushner v City of Albany, 27 AD3d 851, 852 [2006], affd 7 NY3d 726 [2006]). Plaintiff's proof thus failed to raise any triable issue of fact with respect to whether defendant's actions affirmatively created a dangerous condition, such that prior written notice of the alleged defect was not required (see Brooks v Village of Horseheads, 14 AD3d 756, 757 [2005]).  Accordingly, we find that summary judgment was properly granted.

McCarthy, J.P., Egan Jr., Devine and Aarons, JJ., concur.


ORDERED that the order is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court