## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  November 3, 2016                    522527
_____

ABIGAIL CHANCE et al.,
                    Appellants,
          v                                  MEMORANDUM AND ORDER

COUNTY OF ULSTER,
                    Respondent.
_____

Calendar Date:  September 13, 2016

Before:  McCarthy, J.P., Garry, Devine, Clark and Mulvey, JJ.

_____

        Blatchly & Simonson, PC, New Paltz (Bruce D. Blatchly of counsel), for appellants.

        Cook, Netter, Cloonan, Kurtz & Murphy, PC, Kingston (Robert D. Cook of counsel), for respondent.

_____

McCarthy, J.P.

        Appeal from an order of the Supreme Court (Mott, J.), entered September 24, 2015 in Ulster County, which granted defendant's motion for summary judgment dismissing the complaint.

        In December 2013, plaintiffs commenced this action to recover damages for personal injuries sustained by plaintiff Abigail Chance when, in June 2013, she fell from her bicycle while riding alongside State Route 299 on a portion of roadway maintained by defendant.  Plaintiffs alleged that Chance fell as a result of defendant's improper maintenance of the roadway and its failure to provide an adequate road shoulder.  Following joinder of issue, defendant moved for summary judgment dismissing the complaint.  Supreme Court granted the motion and dismissed the complaint.  Plaintiffs appeal, and we affirm.

Where a municipality has enacted a prior written notice statute, the general rule is "that a plaintiff may not bring a civil action against [it] for damages as the result of an injury sustained by reason of a defective street, highway, bridge, culvert, sidewalk or crosswalk unless such a notice provision is satisfied" (Smith v Village of Hancock, 25 AD3d 975, 975 [2006]; see Stride v City of Schenectady, 85 AD3d 1409, 1410 [2011]; Crespo v City of Kingston, 80 AD3d 1124, 1124 [2011]; see also General Municipal Law § 50-e). The notice provided must be written notice, and evidence of constructive or actual notice is insufficient (see Palo v Town of Fallsburg, 101 AD3d 1400, 1401 [2012], lv denied 20 NY3d 862 [2013]; Stride v City of Schenectady, 85 AD3d at 1410; Boice v City of Kingston, 60 AD3d 1140, 1142 [2009]). Nonetheless, an exception to the written notice requirement applies if defendant affirmatively created the dangerous condition (see Babenzien v Town of Fenton, 67 AD3d 1236, 1238 [2009]). To satisfy this exception, a defendant's actions must have "immediately result[ed] in the existence of [the] dangerous condition" alleged to have caused a plaintiff's injuries (Yarborough v City of New York, 10 NY3d 726, 728 [2008]). When a defendant establishes that it did not receive prior written notice of the alleged defect, the burden shifts to the plaintiff to raise issues of fact as to the applicability of an exception to the written notice requirement (see Yarborough v City of New York, 10 NY3d at 728; Guimond v Village of Keeseville, 113 AD3d 895, 896 [2014]; Stride v City of Schenectady, 85 AD3d at 1410).[1]

_____

[1] Plaintiffs argue that a defendant cannot shift the burden on such a motion for summary judgment absent proof that no issues of fact exist as to the application of any exception to the written notice requirement. We disagree, as such an argument is contrary to Court of Appeals precedent establishing the aforementioned general rule as to defendant's initial burden (see Yarborough v City of New York, 10 NY3d at 728 [2008]). Otherwise, as plaintiffs did not allege in their pleadings that defendant affirmatively created the dangerous condition, we need not consider the hypothetical question regarding the scope of a defendant's initial burden in an instance in which a plaintiff has pleaded legal liability based on an exception to the written

Initially, plaintiffs are incorrect as a matter of law that the Ulster County Code provision regarding notice does not apply to a State Route that defendant maintained. The Ulster County Code provides, in pertinent part, that "[n]o civil action shall be maintained against [defendant] for damages or injuries to [a] person . . . sustained in consequence of any road . . . being defective, out of repair, unsafe, dangerous or obstructed . . . unless at least 48 hours prior to the occurrence resulting in such damage or injuries, written notice of the . . . condition of such road . . . shall have been filed in the office of the Clerk of the Ulster County Legislature and there was a failure or neglect to remedy or remove the defect . . . within a reasonable time after the filing of such notice" (Ulster County Code § 258-2; see Town Law § 65-a). The plain language application of Ulster County Code § 258-2 provides that it applies to defects as to "any road," which patently includes a State Route maintained by defendant (see generally Cain v Pappalardo, 225 AD2d 1005, 1007 [1996]; Federoff v Camperlengo, 215 AD2d 806, 807-808 [1995]). Thus, based on defendant's evidentiary submissions establishing that it did not receive written notice in accordance with Ulster County Code § 258-2 in regard to the alleged defect,[2] the burden shifted to plaintiffs.

Plaintiffs failed to raise an issue of fact as to defendant's creation of the dangerous condition through an affirmative act. Rather than attribute the accident to defendant's affirmative act, plaintiffs' expert attributed the accident to defendant's failure to act; he opined that the dangerous pavement edge drop-off that caused the fall resulted from a lack of "monitoring and maintenance" of the road by defendant. Accordingly, even when viewing the evidence in the light most favorable to plaintiffs, they failed to raise a triable issue of fact as to an exception to the written notice

_____

notice requirement (compare Breest v Long Island R.R., 140 AD3d 819, 820 [2016]).

[2] Plaintiffs concede that defendant established that it did not receive written notice specifically identifying the defect alleged to have caused the accident.

requirement (see Yarborough v City of New York, 10 NY3d at 728; Davis v City of Schenectady, 65 AD3d 743, 745 [2009]; Boice v City of Kingston, 60 AD3d at 1142).  Accordingly, Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint.  Plaintiffs' remaining contentions are academic or without merit.

Garry, Devine, Clark and Mulvey, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court