McCarthy, J.P.
Appeal from an order of the Supreme Court (LeBous, J.), entered May 2, 2016 in Tompkins County, which granted defendant’s motion for summary judgment dismissing the complaint.
Plaintiff commenced this action to recover damages for personal injuries upon allegations that, in July 2011, she tripped and fell after catching her foot on “an exposed pipe that protruded up through the surface of the public walkway.” Plaintiff further alleged that defendant negligently designed, constructed and maintained the public walkway within Ithaca Commons (hereinafter the commons),[1] where the accident occurred. More specifically, plaintiff identified the defective condition as being created “as a result of the walkway surface around the . . . pipe having sunken in or eroded.” Thereafter, defendant moved for summary judgment dismissing the complaint. Supreme Court granted defendant’s motion, finding that defendant did not receive prior notice of the defect at issue and that plaintiff failed to submit proof to satisfy any exception to the prior notice requirement. Plaintiff now appeals, and we affirm.
Where, as here, “a municipality has enacted a prior written notice statute pertaining to its thoroughfares or sidewalks, it cannot be held liable unless such written notice of the allegedly defective or dangerous condition was actually given” (Gagnon v City of Saratoga Springs, 51 AD3d 1096, 1097 [2008], lv denied 11 NY3d 706 [2008]; accord Palo v Town of Fallsburg, 101 AD3d 1400, 1400 [2012], lv denied 20 NY3d 862 [2013]). There are only two recognized “exceptions to the statutory rule requiring prior written notice, namely, where the locality created the defect or hazard through an affirmative act of negligence and where a ‘special use’ confers a special benefit upon the locality” (Amabile v City of Buffalo, 93 NY2d 471, 474 [1999] [citations omitted]; accord Dalton v City of Saratoga Springs, 12 AD3d 899, 900 [2004]; see Babenzien v Town of Fenton, 67 AD3d 1236, 1238 [2009]).[2] With regard to the creation of the dangerous condition, “[t]o satisfy this exception, a defendant’s actions must have ‘immediately result [ed] in the existence of [the] dangerous condition’ alleged to have caused a plaintiff’s injuries” (Chance v County of Ulster, 144 AD3d 1257, 1258 [2016], quoting Yarborough v City of New York, 10 NY3d 726, 728 [2008]).
*1323 Here, inasmuch as plaintiff alleged in her complaint that the defective condition resulted from the sidewalk either sinking or eroding, rather than that it immediately resulted from some specified action taken by defendant, defendant’s initial burden on the motion for summary judgment was limited to the issue of prior written notice (see Yarborough v City of New York, 10 NY3d 726, 728 [2008]; Chance v County of Ulster, 144 AD3d at 1259 n 1). In support of its motion, defendant offered the deposition testimony of its City Clerk, who is one of the designated officials responsible for keeping the records of any written notice of defects. The City Clerk averred that defendant had no notices, prior to plaintiff’s fall, regarding a defect in the section of the walkway in front of the particular restaurant where plaintiff had testified that she fell. As to two notices that the City Clerk identified as pertaining to the same block upon which plaintiff’s accident occurred, neither pertained to the area in front of the restaurant that plaintiff identified as where she tripped. Defendant also provided the affidavit of its Assistant Superintendent of Public Works, who averred that his office was also designated to receive written notices of defects. The Assistant Superintendent averred that the Department of Public Works had not received “written notice or complaint regarding a protruding pipe ... in front of [the relevant restaurant]” prior to plaintiff’s alleged accident. Based on the foregoing, defendant met its initial burden of establishing its lack of prior written notice, shifting the burden to plaintiff to demonstrate a question of fact as to prior written notice or that defendant affirmatively created the defect within the meaning of the exception (see Gagnon v City of Saratoga Springs, 51 AD3d at 1097; see generally Yarborough v City of New York, 10 NY3d at 728).
None of plaintiff’s submissions regarding identified defects on the commons specifically referenced the area in front of the relevant restaurant or referenced exposed pipes. Complaints that plaintiff submitted regarding defective conditions of the walkway generally or potholes generally do not reasonably encompass the alleged defect of an exposed pipe (see generally Marotta v Massry, 279 AD2d 877, 878 [2001]). Accordingly, in the absence of any evidence that the defect was sufficiently identified in written notice prior to plaintiff’s fall, plaintiff failed to raise a triable issue of fact as to prior written notice (see Dalton v City of Saratoga Springs, 12 AD3d at 900-901; McCabe v Town of Riverhead, 2 AD3d 416, 417 [2003]; Marotta *1324 v Massry, 279 AD2d at 879).[3] Moreover, plaintiff failed to put forward any proof indicating that defendant had taken actions that immediately resulted in the defective condition so as to raise a material issue of fact as to that exception (see Yarborough v City of New York, 10 NY3d at 727-728; Chance v County of Ulster, 144 AD3d at 1259). Accordingly, Supreme Court properly granted defendant’s motion for summary judgment dismissing the complaint.
Egan Jr., Lynch, Devine and Clark, JJ., concur.
Ordered that the order is affirmed, without costs.

. The commons is a two-block, outdoor pedestrian mall.

. The special use exception is not at issue.

. Plaintiff’s submissions included the complaints regarding defects on the commons that the City Clerk had referenced. None of these complaints mentioned an exposed pipe.