Garry, JR.
Appeals (1) from an order of the Supreme Court (Rumsey, J.), entered January 13, 2016 in Tompkins County, which denied plaintiffs’ motion to compel discovery, and (2) from an order of said court, entered June 23, 2016 in Tompkins County, which granted defendants’ motion for summary judgment dismissing the complaint.
In October 2012, plaintiff Carmen Hockett fell after she tripped on an uneven sidewalk in the City of Ithaca, Tompkins County. The height differential between the two slabs of concrete was approximately one inch. Plaintiffs commenced *1379 this personal injury action alleging, as pertinent here, that defendant City of Ithaca negligently created the dangerous condition by failing to install reinforcing bar under the sidewalk. Thereafter, plaintiffs moved to compel discovery, seeking an order directing the removal of a slab of the sidewalk for the purpose of determining whether reinforcing bar had in fact been installed, among other things. Defendants moved for summary judgment on the ground that prior written notice had not been received as required by a local law. In January 2016, Supreme Court denied plaintiffs’ discovery motion and reserved decision upon defendants’ summary judgment motion. In June 2016, summary judgment was granted to defendants, and the complaint was dismissed. Plaintiffs appeal from both orders.
It is well settled that, where a municipality has enacted a prior written notice statute, it cannot be held liable for damages resulting from an injury arising from a defective sidewalk without prior written notice of the allegedly defective or dangerous condition (see Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]; Chance v County of Ulster, 144 AD3d 1257, 1258 [2016]; Stride v City of Schenectady, 85 AD3d 1409, 1410 [2011]; see also General Municipal Law § 50-e). Here, the City satisfied its burden to demonstrate lack of prior written notice by submitting an affidavit of the City Clerk, who averred that, based on a review of the City’s records, no written notice had been received concerning the alleged condition of the sidewalk in question (see San Marco v Village/Town of Mount Kisco, 16 NY3d 111, 115 [2010]; Amabile v City of Buffalo, 93 NY2d at 472-473). The burden then shifted to plaintiffs “to raise issues of fact as to the applicability of an exception to the written notice requirement” (Chance v County of Ulster, 144 AD3d at 1258; see Yarborough v City of New York, 10 NY3d 726, 728 [2008]; Greener v Town of Hurley, 140 AD3d 1285, 1285 [2016]).
Plaintiffs contend that the affirmative negligence exception to the notice requirement applies, basing the argument upon the alleged failure to install reinforcing bars during reconstruction of the sidewalk in 1999 — 13 years prior to Hockett’s fall. As Supreme Court held, plaintiffs were thus required to demonstrate that defendants’ actions or omissions in the course of that reconstruction of the sidewalk “immediately resultfed] in the existence of [the] dangerous condition” which caused Hockett’s injuries (Yarborough v City of New York, 10 NY3d at 728 [emphasis added]; see San Marco v Village/Town of Mount Kisco, 16 NY3d at 120; Oboler v City of New York, 8 NY3d 888, 889 [2007]; Crespo v City of Kingston, 80 AD3d 1124, 1125-1126 [2011]). Plaintiffs did not produce any evidence of the sidewalk’s *1380 condition immediately after its 1999 reconstruction, and it is undisputed that the sidewalk has not been reconstructed since that time. Moreover, plaintiffs’ expert opined that a failure to install reinforcing bars in the sidewalk in question would cause the slabs to “undoubtedly settle unevenly,” a process that inherently occurs over time, and with a result that is not immediate (see Boice v City of Kingston, 60 AD3d 1140, 1141 [2009]; compare Kiernan v Thompson, 73 NY2d 840, 842 [1988]). Plaintiffs thus failed to raise a triable issue of fact relative to the application of an exception to the prior written notice requirement, and Supreme Court properly granted summary judgment to defendants (see Yarborough v City of New York, 10 NY3d at 728; Shufeldt v City of Kingston, 140 AD3d 1464, 1466 [2016]; Chance v County of Ulster, 144 AD3d at 1259-1260).
Next, as plaintiffs did not address Supreme Court’s order denying their motion to compel discovery, we deem that aspect of the appeal abandoned (see Soghanalian v Young, 131 AD3d 744, 745 n 2 [2015]; Deep v Boies, 121 AD3d 1316, 1317 n 1 [2014], lv denied 25 NY3d 903 [2015]). In light of our determination, plaintiffs’ remaining contentions have been rendered academic.
Lynch, Clark, Mulvey and Aarons, JJ., concur.
Ordered that the orders are affirmed, without costs.