Harvish v City of Saratoga Springs (2019 NY Slip Op 03428)





Harvish v City of Saratoga Springs


2019 NY Slip Op 03428


Decided on May 2, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 2, 2019

527177

[*1]KIMBERLY HARVISH, Respondent,
v
CITY OF SARATOGA SPRINGS, Appellant.

Calendar Date: March 26, 2019

Before: Garry, P.J., Lynch, Clark, Mulvey and Rumsey, JJ.


Law Office of Theresa J. Puleo, Albany (Norah M. Murphy of counsel), for appellant.
Law Office of Newell & Klingerbiel, Glens Falls (Ronald L. Newell of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from an order of the Supreme Court (Chauvin, J.), entered February 15, 2018 in Saratoga County, which denied defendant's motion for summary judgment dismissing the complaint.
Plaintiff commenced this personal injury action alleging that, on an evening in December 2014, she tripped and fell over a metal traffic sign post anchor that was protruding from the sidewalk and that her fall was the result of defendant's failure to, among other things, properly maintain its sidewalk. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint on the ground that it had not received prior written notice of the alleged defect, as required by the Code of the City of Saratoga Springs. Supreme Court denied the motion, prompting this appeal.
Where, as here, a municipality has enacted a prior written notice statute, the municipality cannot be held liable for damages resulting from an injury arising from a defective sidewalk unless it had prior written notice of the allegedly defective or dangerous condition and failed to remedy the condition within a reasonable time thereafter (see Poirier v City of Schenectady, 85 NY2d 310, 313-314 [1995]; Hockett v City of Ithaca, 149 AD3d 1378, 1379 [2017], lv denied 29 NY3d 916 [2017]). In support of its motion, defendant submitted the affidavits of its Commissioner of Public Works and the head of the traffic maintenance department within its Department of Public Safety, both of whom averred that they had searched their respective departmental records and determined that, prior to plaintiff's fall, defendant had not received notice of the missing sign and sign pole or the protruding sign anchor. Together, the affidavits established that defendant had installed the sign, sign pole and sign anchor in 2006 in accordance with state standards and that, between the sign's installation and plaintiff's fall, defendant had not performed any repairs or work on either the sign or the surrounding sidewalk. As such proof demonstrated the absence of prior written notice regarding the defective condition that allegedly caused plaintiff's injuries, defendant established its prima facie entitlement to [*2]summary judgment dismissing the complaint (see Chance v County of Ulster, 144 AD3d 1257, 1259 [2016]; Dalton v City of Saratoga Springs, 12 AD3d 899, 900 [2004]).
The burden thus shifted to plaintiff to raise a question of fact as to defendant's receipt of prior written notice of the defect or "the applicability of one of two recognized exceptions to the [written notice requirement] — that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (Yarborough v City of New York, 10 NY3d 726, 728 [2008]; see Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]). Plaintiff wholly failed to meet this burden.
Plaintiff offered no evidence to raise a question of fact as to defendant's lack of prior written notice. Additionally, as to the applicability of an exception, plaintiff claimed that defendant affirmatively created the defect by improperly installing the sign in 2006 and failing to routinely monitor its condition thereafter. "However, the affirmative negligence exception to prior written notice statutes applies only where the action of the municipality immediately results in the existence of a dangerous condition" (Hubbard v County of Madison, 93 AD3d 939, 942 [2012] [internal quotation marks and citations omitted], lv denied 19 NY3d 805 [2012]; see Yarborough v City of New York, 10 NY3d at 728). Plaintiff failed to present any proof establishing that defendant engaged in an activity that immediately resulted in the detachment of the sign and sign pole from its anchor (see Poirier v City of Schenectady, 85 NY2d at 314-315). Accordingly, in the absence of a triable issue of fact, Supreme Court should have granted defendant's motion and dismissed the complaint (see Babenzien v Town of Fenton, 67 AD3d 1236, 1238-1239 [2009]).
Garry, P.J., Lynch, Mulvey and Rumsey, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendant and complaint dismissed.