Vnuk v City of Albany (2021 NY Slip Op 00600)





Vnuk v City of Albany


2021 NY Slip Op 00600


Decided on February 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 4, 2021

529951

[*1]Donna M. Vnuk et al., Respondents,
v
City of Albany, Appellant, et al., Defendant.

Calendar Date: November 20, 2020

Before: Clark, J.P., Aarons, Reynolds Fitzgerald and Colangelo, JJ.


Marisa Franchini, Corporation Counsel, Albany (Robert G. Magee of counsel), for appellant.
DeGraff Foy & Kunz, LLP, Albany (George J. Szary of counsel) and Law Office of Daniel L. Doherty (Daniel L. Doherty of counsel), for respondents.



Colangelo, J.
Appeal from a judgment of the Supreme Court (Platkin, J.), entered July 30, 2019 in Albany County, upon a verdict rendered in favor of plaintiffs.
Plaintiff Donna M. Vnuk and her spouse, derivatively, commenced this personal injury action against defendants alleging that, as Vnuk was walking to work one morning in March 2016, she tripped and fell over the footing of a traffic pole and signal (hereinafter the traffic signal) that remained and protruded from the sidewalk after the traffic signal had been removed. Plaintiffs alleged that the traffic signal was removed at the direction of defendant City of Albany and that her fall was the result of, among other things, the City having created the defect or allowing it to remain. As a result of the fall, Vnuk sustained injuries to her left arm. Following joinder of issue and discovery, the City moved for summary judgment dismissing the amended complaint on the ground that it had not received prior written notice of the alleged defect, as required by the Code of the City of Albany. Supreme Court denied the motion, finding, among other things, that questions of fact existed as to whether the City created the defect and then allowed it to remain.[FN1] At the close of evidence, the City moved for judgment as a matter of law; Supreme Court denied the motion. The jury then returned a verdict against the City and awarded damages to plaintiffs. The City appeals.
"Where, as here, a municipality has enacted a prior written notice statute, the municipality cannot be held liable for damages resulting from an injury arising from a defective sidewalk unless it had prior written notice of the allegedly defective or dangerous condition and failed to remedy the condition within a reasonable time thereafter" (Harvish v City of Saratoga Springs, 172 AD3d 1503, 1503 [2019] [citations omitted]; see Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]; Chance v County of Ulster, 144 AD3d 1257, 1258 [2016]; see also General Municipal Law § 50-e). There are only two recognized exceptions to prior written notice laws — "where the locality created the defect or hazard through an affirmative act of negligence and where a 'special use' confers a benefit upon the locality" (Oboler v City of New York, 8 NY3d 888, 889 [2007] [internal quotation marks and citations omitted]; see Cornish v City of Ithaca, 149 AD3d 1321, 1322 [2017]). "Further, the affirmative negligence exception is limited to work by the [municipality] that immediately results in the existence of a dangerous condition" (Oboler v City of New York, 8 NY3d at 889-890 [internal quotation marks, ellipsis, brackets and citation omitted]; see Amabile v City of Buffalo, 93 NY2d at 474; Harvish v City of Saratoga Springs, 172 AD3d at 1504).
The City initially contends that Supreme Court erred in denying its motion for summary judgment because no evidence existed that, among other things, it received prior written notice of any alleged defect or unsafe condition concerning [*2]the sidewalk upon which plaintiff fell in accordance with Code of the City of Albany § 24-1 (A). The City further contends that there is no record evidence warranting application of the exception to the notice requirement.[FN2] In support of its motion, the City submitted various documents, including the affidavit of Daniel DiLillo, the Deputy Commissioner of the City's Department of General Services, and the affidavit and deposition testimony of William Trudeau, the Chief Supervisor of the Traffic Engineering Division of the Albany Police Department, both of whom averred that the City did not receive prior written notice of the footings protruding from the sidewalk and that there was no record of their respective department's removal of a utility pole in the area where Vnuk fell. As such proof demonstrated the absence of prior written notice regarding the defective condition that allegedly caused Vnuk's injuries, the City established its prima facie entitlement to summary judgment dismissing the amended complaint (see Harvish v City of Saratoga Springs, 172 AD3d at 1503-1504; Chance v County of Ulster, 144 AD3d at 1259). The burden then shifted to plaintiffs to raise a question of fact as to the City's receipt of prior written notice of the defect or, absent written notice, that the City affirmatively created the defect within the meaning of the exception to the written notice requirement (see Yarborough v City of New York, 10 NY3d 726, 728 [2008]; Harvish v City of Saratoga Springs, 172 AD3d at 1504; Cornish v City of Ithaca, 149 AD3d at 1323). Initially, we note that plaintiffs, in their opposition to the City's motion for summary judgment, did not contend that prior written notice was received by the City. Thus, the issue distills to whether plaintiffs raised a question of fact that the City affirmatively created the defect. Plaintiffs failed to meet this burden.
In the first instance, plaintiffs' opposition was devoid of the identity of the person(s) who removed the traffic signal and caused the footings to protrude from the sidewalk or how long the footings had been there prior to Vnuk's fall. The evidence established only that a private developer was seeking approval from the City's Planning Board for the rehabilitation of a hotel on State Street in the City and that representatives of the engineering firm hired by the developer met with Trudeau as plans were developed. Trudeau testified at his deposition that, upon learning of the project and aware of the resulting increase in foot traffic to the garage of the hotel that was directly across from the traffic signal at issue, he requested that the plans being drawn include removal of the two unused traffic signals to free up sidewalk space as a means of mitigating the burden on the municipal infrastructure that the project would cause. Trudeau testified that "[the City] gave a direction to [the developer's engineering firm] to remove those two devices" — "to include it as part of the [*3]plans." Trudeau testified further that "[the City] did not make any direction, verbal or written, to [the private developer] and/or any other agent that they may have had working on the plans — or working on the project, excuse me, to specifically remove [the traffic signal] at any time." Trudeau further testified that "[i]t was [the City's] instructions as part of the project to remove those devices." Following these conversations, a direction was added to the drawings to "remove two post-mounted light-up, no right turn signs located . . . opposite the parking garage, driveway exits. The contractor shall replace the concrete panel at each sign location after the sign removal."
The drawings were later submitted to the City's Planning Board. Thereafter, on an unknown date, an unidentified party removed the traffic signals but left the footings, thereby creating the defect that precipitated Vnuk's injury. The City did not receive notice of the project's completion or when and by whom the traffic signals were removed. Trudeau testified that the City did not oversee the development project because it was a private project, and he was not aware of when the traffic signals were removed or who removed them. We note that, contrary to Supreme Court's decision, the City's failure to inspect the sidewalk is an omission that does not constitute affirmative negligence that excuses compliance with the prior written notice requirement (see Stride v City of Schenectady, 85 AD3d 1409, 1411 [2011]; Lifer v City of Kingston, 295 AD2d 695, 696 [2002]). By failing to present any proof that the City received written notice of the defect or of an affirmative act taken by the City that immediately resulted in the defective condition of the sidewalk, plaintiffs failed to raise a material issue of fact as to the exception to the prior written notice requirement (see Yarborough v City of New York, 10 NY3d at 728; Poirier v City of Schenectady, 85 NY2d 310, 315 [1995]; Cornish v City of Ithaca, 149 AD3d at 1323-1324; Chance v County of Ulster, 144 AD3d at 1259-1260).
Finally, plaintiffs argue that, despite the lack of prior written notice, the City may nonetheless be liable if an agent of it created the dangerous condition at issue (see e.g. Santelises v Town of Huntington, 124 AD3d 863, 865-866 [2015]; Smith v City of Syracuse, 298 AD2d 842, 842 [2002]). To raise an issue of fact, plaintiffs had to tender proof that the City "exerted control over the method of construction" by the purported agent (Bonesteel v Fitzgerald Bros. Constr. Co., 86 AD2d 715, 716 [1982]). There was no proof that the City controlled or directed the means by which the at issue traffic signal was to be removed. At most, the City requested that the project plans include the removal of the traffic signal. Thus, plaintiffs' agency argument has no support in the record and is thus meritless (see Smith v City of Syracuse, 298 AD2d at 842-843; Bonesteel v Fitzgerald Bros. Constr. Co., 86 AD2d [*4]at 716). Accordingly, Supreme Court erred in denying the City's motion for summary judgment dismissing the amended complaint against it.
Clark, J.P., Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is reversed, on the law, without costs, motion by defendant City of Albany granted, summary judgment awarded to said defendant and amended complaint dismissed against it.



Footnotes

Footnote 1: Defendant County of Albany, also named in the amended complaint, successfully moved for summary judgment dismissing the amended complaint and the City's cross claims against it. The City commenced a third-party action against the property development and engineering companies and their subcontractors who it believed participated in the removal of the traffic signal. The third-party action was severed from this action.

Footnote 2: Plaintiffs do not contend that they presented any evidence demonstrating the applicability of the "special use" exception to the prior written notice requirement under the facts and circumstances presented.