Serba v Town of Glenville (2024 NY Slip Op 00105)

Serba v Town of Glenville

2024 NY Slip Op 00105

Decided on January 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 11, 2024

536077
[*1]Marsha Serba et al., Appellants,
v
Town of Glenville, Respondent.

Calendar Date:November 16, 2023

Before:Egan Jr., J.P., Clark, Aarons, Ceresia and Mackey, JJ.

DiDomenico Law, PLLC, Mechanicville (Nicholas E. Tishler, Niskayuna, of counsel), for appellants.
Kelly & Leonard, LLP, Ballston Spa (Thomas E. Kelly of counsel), for respondent.

Mackey, J.
Appeal from an order of the Supreme Court (Thomas D. Buchanan, J.), entered August 12, 2022 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint.
In November 2018, plaintiff Marsha Serba slipped and fell on black ice in a municipal parking lot owned by defendant, while walking from her car toward the entrance of Town Hall. Serba and her spouse, derivatively, thereafter commenced this negligence action seeking damages based on Serba's injuries. Upon completion of discovery, defendant moved for summary judgment dismissing the complaint on the ground that, among other things, it had not received written notice of the allegedly dangerous condition in the parking lot prior to Serba's accident, as required by the Code of the Town of Glenville § 190-1.[FN1] Supreme Court granted defendant's motion, prompting this appeal by plaintiffs. We affirm.
Municipal Home Rule Law § 10 (1) (ii) (a) (6) authorizes a local government to enact local laws relating to "[t]he acquisition, care, management and use of its highways, roads, streets, avenues and property," so long as those local laws "are not inconsistent with the Constitution or any general law" (Walker v Town of Hempstead, 84 NY2d 360, 365 [1994]). Accordingly, a local government may lawfully enact a local law requiring prior written notice of a defect on its highways, as a condition precedent to commencement of an action against it for an injury caused by such defect (see Holt v County of Tioga, 56 NY2d 414, 420 [1982]). Where "a municipality has enacted a prior written notice statute, the municipality cannot be held liable for damages resulting from an injury arising from a defective [condition on its property] unless it had prior written notice of the allegedly defective or dangerous condition and failed to remedy the condition within a reasonable time thereafter" (Harvish v City of Saratoga Springs, 172 AD3d 1503, 1503 [3d Dept 2019]). A municipal parking lot is considered a highway for purposes of prior written notice (see Groninger v Village of Mamaroneck, 17 NY3d 125, 128 [2011]).
There are only two recognized exceptions to prior written notice laws — "where the locality created the defect or hazard through an affirmative act of negligence and where a 'special use' confers a benefit upon the locality" (Oboler v City of New York, 8 NY3d 888, 889 [2007] [internal quotation marks and citations omitted]; see Vnuk v City of Albany, 191 AD3d 1056, 1057 [3d Dept 2021], lv denied 37 NY3d 909 [2021]). Only the affirmative negligence exception is implicated in this case, and that exception is limited to work done by a municipality "that immediately results in the existence of a dangerous condition" (Yarborough v City of New York, 10 NY3d 726, 728 [2008] [internal quotation marks and citations omitted]; see Chance v County of Ulster, 144 AD3d 1257, 1258 [3d Dept 2016]).
Here, at the time of Serba's accident, defendant had a local law in effect requiring prior written [*2]notice of any dangerous or defective conditions on its highways "or any other property owned, operated or maintained by [it]" (Code of the Town of Glenville § 190-1). It is undisputed that defendant satisfied its burden to demonstrate lack of prior written notice by submitting the affidavits of its Town Clerk and Superintendent of Highways who both averred that, after review of the pertinent records, no written notice had been received of the condition that allegedly caused Serba's injuries (see Harvish v City of Saratoga Springs, 172 AD3d at 1503; Hockett v City of Ithaca, 149 AD3d 1378, 1379 [3d Dept 2017], lv denied 29 NY3d 916 [2017]). In opposition to defendant's motion, plaintiffs argued that prior written notice was not required because defendant had affirmatively created the dangerous condition. In support of their argument, plaintiffs submitted the affidavit of a licensed professional engineer, who opined that when defendant paved the parking lot it had created a seam that held water, ice and snow, which "froze, causing ice to be formed in the seam. As Serba walked over the parking lot, she stepped onto the frozen parking lot surface at the seam. She reportedly fell onto the pavement and was injured." The expert concludes that defendant's "failure to properly construct the parking at the hazardous area where Serba fell resulted in dangerous conditions that were causes of her accident."
We agree with Supreme Court that plaintiffs' expert's affidavit, which cites to no professional or industry standards concerning parking lot pavement, was conclusory and insufficient to raise a triable issue (see Groninger v Village of Mamaroneck, 17 NY3d at 129-130; Claro v 323 Firehouse, LLC, 177 AD3d 1052, 1054 [3d Dept 2019]; see also Romano v Stanley, 90 NY2d 444, 452 [1997]; Browne v Big V Supermarkets, 188 AD2d 798, 799 [3d Dept 1992], lv denied 81 NY2d 708 [1993]). In any event, the affirmative negligence exception to prior written notice statutes applies only where the action of the municipality "immediately resulted in the existence of the dangerous condition" that caused Serba's injuries (Chance v County of Ulster, 144 AD3d at 1258 [internal quotation marks, brackets and citation omitted]; see Hubbard v County of Madison, 93 AD3d 939, 942 [3d Dept 2012]; Stride v City of Schenectady, 85 AD3d 1409, 1411 [3d Dept 2011]). No evidence was presented to demonstrate that defendant's paving operation, which was conducted several years before Serba's fall, immediately created a dangerous condition. To the contrary, plaintiffs' expert opined that the area where Serba fell "had developed a hazardous condition." Accordingly, the affirmative negligence exception was inapplicable (see Poirier v City of Schenectady, 85 NY2d 310, 314-315 [1995]) and Supreme Court properly granted defendant's motion for summary judgment.[FN2]
In light of our determination, we need not address defendant's alternate ground for affirmance.
Egan Jr., J.P., Clark, Aarons and Ceresia, JJ[*3]., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Defendant sought dismissal, alternatively, on the ground that it could not be held liable for Serba's injuries, which were allegedly sustained during a storm in progress. Supreme Court did not address this alternative ground for dismissal.

Footnote 2: We also point out that the "failure to remove all the snow or ice from a parking lot is not an affirmative act of negligence" excepting it from prior written notice requirements (Groninger v Village of Mamaroneck, 67 AD3d 733, 734 [2d Dept 2009], affd 17 NY3d 125 [2011]; see Friedland v County of Warren, 61 AD3d 1138, 1139 [3d Dept 2009];Frullo v Incorporated Vil. of Rockville Ctr., 274 AD2d 499, 500 [2d Dept 2000]).